**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BP AMERICA INC. and<br>BP PRODUCTS NORTH AMERICA<br>INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | |
| DIWAN PETROL INC., | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, bp America Inc. and bp Products North America Inc., by and through their undersigned counsel, hereby state as follows:

**Parties**

1.     Plaintiff bp America Inc. is a Delaware corporation with its principal place of business in Houston, Texas.

2.     Plaintiff bp Products North America Inc. is a Maryland corporation with its principal place of business in Chicago, Illinois.

3.     bp America Inc. and bp Products North America Inc. are wholly owned subsidiaries of bp p.l.c., located in London, United Kingdom.  bp p.l.c., bp America Inc., and bp Products North America Inc. are collectively referred to herein as "bp."

4.     Defendant Diwan Petrol Inc. ("Diwan") is a Pennsylvania corporation that operates a gas station located at 1360 Street Road, Bensalem, Pennsylvania 19020 (the "Station"), which is its principal place of business.

5.     For many years, and well prior to the acts of Diwan complained of herein, bp has been engaged in the business of selling gasoline, diesel fuel, other petroleum products, and

related goods and services throughout the United States through automotive service stations and convenience stores, both on its own and through independent jobbers and dealers.

## Jurisdiction and Venue

6.      This Court has subject matter jurisdiction over this matter because (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, (the Lanham Act), jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to the claims alleged herein occurred in this district and Defendant Diwan and the Station are located in this district.

## bp's Distinctive and Famous Name, Marks and Trade Dress

8.      bp owns and has used in United States commerce the bp name, a distinctive and famous green-and-yellow service station trade dress, the famous bp Helios design and bp word mark, the famous AMOCO word and composite design marks, the INVIGORATE word and composite design marks, and the distinctive SILVER and ULTIMATE word marks, among others (these marks are collectively referred to as the "bp Marks").  bp uses the bp name and bp Marks throughout the United States, including in Pennsylvania.

9.      bp owns the following federal registrations issued by the United States Patent and Trademark Office for the bp Marks, among others, covering a variety of goods and services as detailed below:

| MARK | REG. NO. | REG. DATE | RELEVANT GOODS/SERVICES |
|---|---|---|---|
| | 2,898,527 | Nov. 2, 2004 | Retail store services featuring convenience store and gasoline |
| | 3,064,674 | March 7, 2006 | Management of procurement in the nature of purchasing fuel and products for sale in a convenience store situated on a service station; Retailing services relating to filling stations and shops located on filling stations, namely, retail store services featuring convenience store items and gasoline; Retail convenience store services, Retail gasoline supply services; Retail franchising services in the establishment or operation of service stations, retail convenience stores situated on service station sites, restaurants, hotels/motels and car washes |
| | 3,405,599 | April 1, 2008 | Fuels, namely gasoline, diesel, natural gas and liquid gas; operation of vehicle service stations and re-fuelling |
| | 3,515,941 | Oct. 14, 2008 | Fuel for motor vehicles, namely, gasoline and diesel fuel; Retail store services featuring convenience store items and gasoline; retail gasoline supply services |

-3-

| MARK | REG. NO. | REG. DATE | RELEVANT GOODS/SERVICES |
|---|---|---|---|
| BP | 5,703,325 | March 19, 2019 | Fuels; biofuels; liquid fuels; solid fuels; gas fuels; Vehicle service stations; vehicle fuelling services |
| | 3,580,392 | Feb. 24, 2009 | Non-chemical gasoline additives |
| INVIGORATE | 3,449,716 | June 17, 2008 | Fuels, namely, gasoline; Vehicle service stations |
| | 1,353,619 | August 13, 1985 | Gasoline, diesel fuel |
| AMOCO | 167,769 | May 8, 1923 | Gasoline, motor fuels |
| SILVER | 2,238,762 | April 13, 1999 | Gasoline |
| ULTIMATE | 2,959,428 | June 7, 2005 | Gasoline |

10.     All of the aforesaid registrations, with the exception of Reg. No. 5,703,325, are incontestable, and constitute conclusive evidence of the bp Marks' validity and subsistence, as well as bp's exclusive right to use them for the goods and services specified in those registrations.  *See* 15 U.S.C. §§ 1115(b), 1065.  Specifically, Reg. No. 5,703,325 constitutes prima facie evidence of bp's exclusive right to use the mark "bp" for the goods and services covered therein.

11.     bp has continuously used the bp name and bp Marks in connection with gasoline service stations and convenience stores all across the United States since before the acts of Diwan complained of herein.

-4-

-5-

12.     bp and its jobbers and dealers have sold billions of dollars of goods and services under the bp name and bp Marks.

13.     bp has spent many hundreds of millions of dollars promoting and advertising its goods and services under the bp name and bp Marks.

14.     As a result of bp's extensive sales, promotion, and advertising, the bp name and bp Marks have become distinctive and famous among the general consuming public of the United States and represent extraordinarily valuable goodwill owned by bp.

**Unauthorized Use of the bp Name and bp Marks at the Station**

15.     Diwan was formerly authorized to use the bp name and bp Marks at the Station because it was an authorized service station pursuant to a branded jobber contract ("Contract") between bp and third-party 121 Point Breeze Management Corp. ("121 Point Breeze").

16.     bp's Contract with 121 Point Breeze terminated on February 29, 2020.  After that date, Diwan was no longer authorized to use the bp name and bp Marks.

17.     Diwan continues to use the bp name and bp Marks at the Station with full knowledge of bp's rights in and objections to this unauthorized use of the bp name and bp Marks.  True and correct copies of recent photographs of the Station are below:

-6-











18.     bp has made numerous attempts to address the aforementioned unauthorized use of its marks with Diwan, but it has refused to comply.

19.     Diwan's actions are likely to cause consumers to believe mistakenly that Diwan uses the bp name and bp Marks at the Station with bp's authorization and consent.

20.     Diwan's actions have been with the willful intent to trade on the goodwill in the bp Marks.

## COUNT I
### TRADEMARK INFRINGEMENT IN VIOLATION OF
### SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114

21.     bp re-alleges paragraphs 1-20 as if fully alleged herein.

22.     Diwan's continued use and aforesaid failure to remove or allow the removal of the bp Marks from the Station constitutes trademark infringement of bp's registered bp Marks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23.     Diwan's acts greatly and irreparably damage bp, and will continue to so damage bp, unless restrained by this Court; wherefore, bp is without an adequate remedy at law.

## COUNT II
### UNFAIR COMPETITION IN VIOLATION OF
### SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

24.     bp re-alleges paragraphs 1-23 as if fully alleged herein.

25.     Diwan's continued use and aforesaid failure to remove or allow the removal of the bp name and bp Marks from the Station constitutes unfair competition because it falsely represents that Diwan and the Station are affiliated, connected, or associated with, or sponsored or approved by bp in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26.     Diwan's acts greatly and irreparably damage bp, and will continue to so damage bp, unless restrained by this Court; wherefore, bp is without an adequate remedy at law.

## COUNT III
## DILUTION IN VIOLATION OF
## SECTION 43(c) OF THE LANHAM ACT, 15 U.S.C. § 1125(c)

27.     bp re-alleges paragraphs 1-26 as if fully alleged herein.

28.     Diwan's acts, which occurred well after the bp Marks became famous, are likely to injure bp's valuable business reputation and goodwill and are likely to impair the distinctiveness and harm the reputation of the famous bp Marks.

29.     Diwan's acts constitute dilution of bp's famous bp Marks by: a) blurring, in that consumers are likely to associate Diwan's use of the bp Marks at the Station with bp when, in fact, Diwan controls the use of the bp Marks at the Station; and b) tarnishment, to the extent that Diwan's use of the bp Marks at the Station is inconsistent with bp's quality control in that bp no longer has control of Diwan's use of the bp Marks at the Station, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

30.     On information and belief, Diwan's acts of dilution are intentional and willful.

31.     Diwan's acts greatly and irreparably damage bp, and will continue to so damage bp, unless restrained by this Court; wherefore, bp is without an adequate remedy at law.

## COUNT IV
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF PENNSYLVANIA COMMON LAW

32.     bp re-alleges paragraphs 1-31 as if fully alleged herein.

33.     Diwan's aforesaid failure to remove or allow the removal of the bp Marks from the Station constitutes trademark infringement and unfair competition because it falsely represents that Diwan and the Station are affiliated, connected, or associated with, or sponsored or approved by bp, in violation of Pennsylvania common law.

34. Diwan's acts greatly and irreparably damage bp, and will continue to so damage bp, unless restrained by this Court; wherefore, bp is without an adequate remedy at law.

**COUNT V**
**DILUTION IN VIOLATION OF**
**THE PENNSYLVANIA TRADEMARKS ACT, 54 PA. CONS. STAT. ANN. § 1124**

35. bp re-alleges paragraphs 1-34 as if fully alleged herein.

36. Diwan's acts, which occurred well after the bp Marks became famous, have injured bp's valuable business reputation and goodwill and have impaired the distinctiveness and harmed the reputation of the bp Marks, which are famous and distinctive nationwide, including in Pennsylvania;

37. On information and belief, Diwan's acts of dilution are intentional and willful.

38. Diwan's acts constitute dilution of bp's famous bp Marks in violation of 54 Pa. Cons. Stat. Ann. § 1124.

39. Diwan's acts greatly and irreparably damage bp, and will continue to so damage bp, unless restrained by this Court; wherefore, bp is without an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, bp prays that:

1. Diwan, and its officers, agents, employees, attorneys, and all others in active concert and participation with any of them, individually and collectively, be permanently enjoined from:

> (a) using the bp Marks or any name, mark, or trade dress that simulates or is otherwise likely to cause confusion with the bp Marks, including at the Station;

> (b) using any other mark or trade dress owned by bp or any other colorable imitation of such marks, or any other mark in a manner that is likely to confuse, mislead or

deceive others into believing that Diwan or its products emanate from, or are connected

with, sponsored by or approved by bp, including at the Station;

(c)     doing any other act or thing likely to confuse, mislead or deceive others into

believing that Diwan or the Station are connected with, sponsored by or approved by bp;

(d)     using the bp Marks or any name, mark, or trade dress that is likely to dilute the

distinctiveness of the bp Marks, or that injure or tarnish bp's business reputation, the bp

Marks or bp's products bearing the bp Marks, including at the Station; and

(e)     assisting, aiding, or abetting any other person or entity in engaging in any of the

activities prohibited in paragraphs (a) through (d).

2.     Diwan, and all others acting by, through or under Diwan, be required, jointly and

severally, to:

(a)     promptly remove all bp Marks, or colorable imitations thereof, and the bp name,

from the Station and bear all costs incurred in doing so;

(b)     account for and pay over to bp all profits derived by Diwan, together with

prejudgment interest, from their acts complained of herein in accordance with 15 U.S.C.

§ 1117(a), and bp asks that this profits award be trebled in accordance with 15 U.S.C. §

1117(a);

(c)     pay to bp the amount of actual damages suffered by bp together with

prejudgment interest, as a result of Diwan' acts complained of herein in accordance with

15 U.S.C. § 1117(a), and bp asks that this damages award be trebled in accordance with

15 U.S.C. § 1117(a);

(d)     pay to bp the costs of this action, together with reasonable attorneys' fees, in

accordance with Paragraph 5(j)(iii) of the Contract and 15 U.S.C. § 1117(a);

(e)    deliver up for destruction all labels, signs, advertisements and the means of making the same in Diwan' possession which bear the bp name, bp Marks or any name or mark that simulates the bp name or bp Marks or any other mark owned by bp in accordance with 15 U.S.C. § 1118;

(f)    allow bp or its authorized agents, including 121 Point Breeze or 121 Point Breeze's authorized agents, to enter the Station to remove the bp name or bp Marks or any name, mark, or trade dress that simulates or is otherwise likely to cause confusion with the bp Marks; and

(g)    file with this Court and serve on bp a report in writing under oath setting forth in detail the manner and form in which they have complied with the terms of any injunction entered by this Court, in accordance with 15 U.S.C. § 1116(a).

3.    bp be granted such other and further relief as the Court deems just.

Respectfully submitted,

ROYER COOPER COHEN BRAUNFLED LLC

Date: May 27, 2021

BY:   /s/  Barry L. Cohen
Barry L. Cohen, Esquire
Julie M. Latsko, Esquire
Two Logan Square
100 North 18th Street, Suite 710
Philadelphia, PA 19103
Email:  bcohen@rccblaw.com
Tel:  484-362-2628; Fax: 484-362-2630

PATTISHALL, McAULIFFE, NEWBURY,
HILLIARD & GERALDSON LLP
Jonathan S. Jennings, Esquire*
*pro hac vice to be filed

Phillip Barengolts, Esquire*
Novaira Paul, Esquire*
200 South Wacker Drive, Suite 2900
Chicago, Illinois 60606
Telephone: (312) 554-8000
Fax: (312) 554-8015

-13-

E-mail: jsj@pattishall.com; pb@pattishall.com; jae@pattishall.com

*Attorneys for Plaintiffs, bp America Inc. and bp Products North America Inc.*