IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BP AMERICA INC., et al.          :          CIVIL ACTION
                                 :
            v.                   :
                                 :
DIWAN PETROL INC.                :          NO. 21-2437

MEMORANDUM

Bartle, J.                                          November 5, 2021

          Plaintiffs BP America Inc. and BP Products North

America Inc. bring this action against defendant Diwan

Petrol Inc. for injunctive and declaratory relief under federal

trademark law for unauthorized use of plaintiffs' name and marks

at defendant's gasoline service station.  Specifically,

plaintiffs allege trademark infringement in violation of 15

U.S.C. § 1114 and state common law, unfair competition in

violation of 15 U.S.C. § 1125(a) and state common law, and

dilution in violation of 15 U.S.C. 1125(c) and 54 Pa. Cons.

Stat. § 1124.

          Plaintiffs filed suit on May 27, 2021 and served

defendant with the complaint on June 1, 2021.  Defendant failed

to enter an appearance or answer the complaint.  The Clerk of

Court entered default against defendant on July 7, 2021.  This

court granted plaintiffs' motion for default judgment for

injunctive and declaratory relief against defendant on August
31, 2021.

Before the court is the motion of plaintiffs for
certification of attorney fees and costs pursuant to Rule 54(d)
of the Federal Rules of Civil Procedure.

I

The court accepts as true the allegations in
plaintiffs' complaint.  Plaintiffs are a subsidiary of a global
gasoline corporation with marks registered with the United
States Patent and Trademark Office.  These marks include a green
and yellow Helios design both with and without the BP name, the
word AMOCO with an accompanying design, and the word Invigorate
with an accompanying design.  Plaintiffs had a contract that
authorized defendant to use plaintiffs' name and marks at
defendant's gasoline service station in Bensalem, Pennsylvania.
That contract terminated on February 29, 2020.  Defendant is no
longer authorized to use plaintiffs' name and marks.

Despite plaintiffs' multiple attempts to address this
unauthorized use and resolve it amicably, defendant knowingly
continues to use plaintiffs' name and marks without permission
and outwardly associates its business with plaintiffs.

II

A plaintiff is entitled to "the costs of the action"
when a trademark violation has been established in a civil

2

action as long as the defendant had actual notice of the
trademark registration and the use of the registered mark is
intended to cause confusion, mistake, or deception.  See 15
U.S.C. § 1117(a); see also 15 U.S.C. § 1111; 15 U.S.C.
§ 1114(1).

Plaintiffs seek $632 in costs for this action.  This
includes the costs incurred in filing the complaint, two pro hac
vice requests, and the motion for default judgment, and the
process server fees for serving the complaint and motion for
default judgment.

Plaintiffs have established a violation of 15 U.S.C.
§ 1125(a) and (c).  Defendant had actual notice that plaintiffs'
name and marks were registered.  Defendant's continued use of
this name and marks causes confusion and mistake to customers
that defendant is associated with BP.  The court will award
plaintiffs the costs of this action for a total of $632 in
accordance with 15 U.S.C. § 1117(a).

### III

Attorney fees are permitted to the prevailing party in
"exceptional cases" for violations of 15 U.S.C. § 1125(a) or (d)
or willful violations of § 1125(c) as established in a civil
action.  15 U.S.C. § 1117(a).  Default judgment has been entered
against defendant for, in part, trademark infringement in
violation of § 1125(a) and (c).

The Supreme Court has defined for purposes of attorney fees under the Patent Act, 35 U.S.C. § 285, an "exceptional" case as "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014).

Our Court of Appeals adopted this definition for "exceptional" in the context of awarding attorney fees under the Lanham Act, 15 U.S.C. §§ 1051 et seq., for trademark violation. Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 315 (3d Cir. 2014). It held that cases are "exceptional" when "(a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an 'unreasonable manner.'" The district court should exercise its discretion and determine whether a case is exceptional to merit attorney fees on a case-by-case basis considering the totality of the circumstances. Id.

Culpability, while not a prerequisite for finding a case exceptional, may factor into the court's analysis. Id. Culpable conduct in this circuit has included "bad faith, fraud, malice, or knowing infringement." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 280 (3d Cir. 2000).

Defendant exhibited bad faith and knowing infringement when it continued to use plaintiffs' name and marks after its contract with plaintiffs terminated and after multiple notices by plaintiffs of the unauthorized use of their name and marks. Despite the filing of this action against defendant in May 2021, defendant continued to use plaintiffs' name and marks as of August 26, 2021.  In addition, defendant has failed to enter an appearance and answer the complaint and has thus conceded its wrongful conduct.

Plaintiffs' claim is straightforward.  They authorized defendant to use their name and marks pursuant to a contract and that contract was terminated in February 2020.  Defendant's knowing continued use of the name and marks without permission is a violation of trademark laws.  Plaintiffs' clear substantive strength as to its claim as well as defendant's culpable conduct renders this an exceptional case that warrants an award of attorney fees to plaintiffs as the prevailing parties.

A request for attorney fees must also be reasonable. 15 U.S.C. § 1117(a).  Plaintiffs seek $8,878 in attorney fees. This includes 22.9 hours of work by an associate with three years of experience at a rate of $380 per hour.  Counsel for plaintiffs certifies that this work includes conducting legal research and drafting the complaint, motion for default judgment, memorandum in support of default judgment, and

proposed order.   Plaintiffs also seek $176 for one hour of work

by a paralegal for filing these documents.

The court finds plaintiffs' request for attorney fees

reasonable and will enter an order accordingly for defendant to

pay a total of $8,878 in attorney fees to plaintiffs.